1  William R.  Hobson, SBN 006887
   **LAW OFFICES OF WILLIAM R.  HOBSON**
2  7303 W.  Boston Street
   Chandler, AZ  85226
3  480-705-7550
   480-7057503 Fax
4
   Kevin Koelbel, SBN 016599
5  **LAW OFFICES OF KEVIN KOELBEL, PC**
   7303 West Boston Street
6  Chandler, AZ 895226
   (480) 705-7550 x16
7  (480) 705-7503 Fax

8  Matthew Kim, SBN
   **THE KIM LAW FIRM, L.L.C.**
9  7303 West Boston Street
   Chandler, AZ 895226
10 (480) 705-7550 x16
   (480) 705-7503 Fax
11
   Attorneys for Plaintiff
12
                   UNITED STATES DISTRICT COURT
13
                        DISTRICT OF ARIZONA
14

| | |
|---|---|
| 15  Professor Joochul Kim, | **No.**  CV 04-1931 PHX MHM |
| 16                       Plaintiff, | |
|     v. | **PROPOSED JURY INSTRUCTIONS** |
| 17  Arizona Board of Regents, Arizona State | |
| 18  University, Michael Crow, John Meunier, | |
|     and Alvin Mushkatel, | |
| 19                       Defendants. | |
| 20 | |

21       The following are the joint Proposed Jury Stipulated Jury Instructions to be

22  considered at the Final Pretrial Conference set for April 6, 2009.

23

24

25

26

27

28

I.   **NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTIONS**

**PL   § 1.1(B) Duty of Jury**

Ladies and gentlemen: You are now the jury in this case.  It is my duty to instruct you on the law.  You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

_____ GIVEN

_____ MODIFIED

_____ REFUSED

1     **ST**    **§ 1.3   Burden of Proof – Preponderance**

2         When a party has the burden of proof on any claim [or affirmative defense] by a

3 preponderance of the evidence, it means you must be persuaded by the evidence that the

4 claim [or affirmative defense] is more probably true than not true.

5         You should base your decision on all of the evidence, regardless of which party

6 presented it.

23 _____ GIVEN

24 _____ MODIFIED

25 _____ REFUSED

1    **PL     § 1.5   Two Or More Parties – Different Legal Rights**

2        You should decide the case as to each [plaintiff] [defendant] [party] separately.

3    Unless otherwise stated, the instructions apply to all parties.

4    [Ninth Circuit Model Civil Jury Instruction (2007 edition) 1.5]

23    _____ GIVEN

24    _____ MODIFIED

25    _____ REFUSED

**ST      § 1.6   What is Evidence**

The evidence you are to consider in deciding what the facts are consists of:

1.  the sworn testimony of any witness;

2.  the exhibits which are received into evidence; and

3.  any facts to which the lawyers have agreed.

_____ GIVEN

_____ MODIFIED

_____ REFUSED

**ST      § 1.7   What is Not Evidence**

[In reaching your verdict, you may consider only the testimony and exhibits received into evidence.[1]]  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1) Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they have said in their opening statements, [and will say in their] closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition sometimes testimony and exhibits are received only for a limited purpose; when I [give] [have given] a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

_____ GIVEN

_____ MODIFIED

_____ REFUSED

---

[1] The bracketed material from the instruction may be more appropriately reserved to the instructions read at the end of the case.

**ST    § 1.8  Evidence for Limited Purpose**

Some evidence may be admitted for a limited purpose only.  When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

[The testimony [you are about to hear] [you have just heard] may be considered only for the limited purpose of [*describe purpose*] and for no other purpose.]

_____ GIVEN

_____ MODIFIED

_____ REFUSED

**ST    § 1.9   Direct and Circumstantial Evidence**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk.  Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

\_\_\_\_\_ GIVEN

\_\_\_\_\_ MODIFIED

\_\_\_\_\_ REFUSED

**ST     § 1.10 Ruling on Objections**

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

_____ GIVEN

_____ MODIFIED

_____ REFUSED

**ST     § 1.11 Credibility of Witnesses**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

_____ GIVEN

_____ MODIFIED

_____ REFUSED

1    **ST      § 1.12 Conduct of the Jury**

2    I will now say a few words about your conduct as jurors.

3    First, you are not to discuss this case with anyone, including members of your

4    family, people involved in the trial, or anyone else; this includes discussing the case in

5    internet chat rooms or through internet "blogs," internet bulletin boards or e-mails.  Nor

6    are you allowed to permit others to discuss the case with you.  If anyone approaches you

7    and tries to talk to you about the case, please let me know about it immediately;

8    Second, do not read or listen to any news stories, articles, radio, television, or

9    online reports about the case or about anyone who has anything to do with it;

10   Third, do not do any research, such as consulting dictionaries, searching the

11   Internet or using other reference materials, and do not make any investigation about the

12   case on your own;

13   Fourth, if you need to communicate with me simply give a signed note to the

14   [bailiff] [clerk] [law clerk] to give to me; and

15   Fifth, do not make up your mind about what the verdict should be until after you

16   have gone to the jury room to decide the case and you and your fellow jurors have

17   discussed the evidence.  Keep an open mind until then.[2]  [You may discuss with fellow

18   jurors the testimony as it is presented, provided that all jurors are present for the

19   discussion.  You are to keep an open mind throughout the case until you have fully

20   deliberated.]

21   Finally, until this case is given to you for your deliberation and verdict, you are not

22   to discuss the case with your fellow jurors.

23   _____ GIVEN

24   _____ MODIFIED

25   _____ REFUSED

26   _____

27   [2] Alternative language to substitute for this last sentence if the Court permits jurors to discuss
     case in progress.  [You may discuss with fellow jurors the testimony as it is presented,
     provided that all jurors are present for the discussion. You are to keep an open mind
28   throughout the case until you have fully deliberated.]

**ST      § 1.13 No Transcript Available**

During deliberations, you will have to make your decision based on what you recall of the evidence.  You will not have a transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

_____ GIVEN

_____ MODIFIED

_____ REFUSED

**ST     § 1.14 Taking Notes**

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Do not let note-taking distract you.  When you leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury room].  No one will read your notes.  They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

_____ GIVEN

_____ MODIFIED

_____ REFUSED

**ST      § 1.15 Questions by Jurors**

You will be allowed to propose written questions to witnesses after the lawyers have completed their questioning of each witness.  You may propose questions in order to clarify the testimony, but you are not to express any opinion about the testimony or argue with a witness.  If you propose any questions, remember that your role is that of a neutral fact finder, not an advocate.

Before I excuse each witness, I will offer you the opportunity to write out a question on a form provided by the court.  Do not sign the question.  I will review the question with the attorneys to determine if it is legally proper.

There are some proposed questions that I will not permit, or will not ask in the wording submitted by the juror.  This might happen either due to the rules of evidence or other legal reasons, or because the question is expected to be answered later in the case.  If I do not ask a proposed question, or if I rephrase it, do not speculate as to the reasons.  Do not give undue weight to questions you or other jurors propose.  You should evaluate the answers to those questions in the same manner you evaluate all of the other evidence.

By giving you the opportunity to propose questions, I am not requesting or suggesting that you do so.  It will often be the case that a lawyer has not asked a question because it is legally objectionable or because a later witness may be addressing that subject.

\_\_\_\_\_ GIVEN

\_\_\_\_\_ MODIFIED

\_\_\_\_\_ REFUSED

-14-

**ST      § 1.18 Bench Conferences**

From time to time during the trial, it [may become] [became] necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury [is] [was] present in the courtroom, or by calling a recess.  Please understand that while you [are] [were] waiting, we [are] [were] working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we [will do] [have done] what we [can] [could] to keep the number and length of these conferences to a minimum.  I [may] [did] not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

\_\_\_\_\_ GIVEN

\_\_\_\_\_ MODIFIED

\_\_\_\_\_ REFUSED

**ST      § 1.19 Outline of Trial**

Trials proceed in the following way: First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine.  Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

_____ GIVEN

_____ MODIFIED

_____ REFUSED

**ST      § 2.4   Deposition in Lieu of Live Testimony**

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.  [When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.]

The deposition of [*witness*] was taken on [*date*].  You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

[Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.]

_____ GIVEN

_____ MODIFIED

_____ REFUSED

**PL      § 2.10 Use of Interrogatory of A Party**

Evidence [will now be] [was] presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side.  These answers [have been] [were] given in writing and under oath, before the actual trial, in response to questions that were submitted in writing under established court procedures.  You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

_____ GIVEN

_____ MODIFIED

_____ REFUSED

1    **ST      § 2.2   Stipulations of Fact**

2           The parties have agreed to certain facts [to be placed in evidence as Exhibit ___]

3    [that will be read to you].  You should therefore treat these facts as having been proved.

23   _____ GIVEN

24   _____ MODIFIED

25   _____ REFUSED

**ST**      **§ 2.4   Deposition Testimony**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. [When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.]

The deposition of [*witness*] was taken on [*date*]. You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

[Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.]

_____ GIVEN

_____ MODIFIED

_____ REFUSED

**ST      § 2.12 Charts and Summaries Not Received**

Certain charts and summaries not received in evidence [may be] [have been] shown to you in order to help explain the contents of books, records, documents, or other evidence in the case.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

_____ GIVEN

_____ MODIFIED

_____ REFUSED

**ST     § 3.1  Duty to Deliberate**

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should.  Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

_____ GIVEN

_____ MODIFIED

_____ REFUSED

**ST    § 3.2  Communication with Court**

    If it becomes necessary during your deliberations to communicate with me, you
may send a note through the [marshal] [bailiff], signed by your presiding juror or by one
or more members of the jury.  No member of the jury should ever attempt to communicate
with me except by a signed writing; I will communicate with any member of the jury on
anything concerning the case only in writing, or here in open court.  If you send out a
question, I will consult with the parties before answering it, which may take some time.
You may continue your deliberations while waiting for the answer to any question.
Remember that you are not to tell anyone—including me—how the jury stands,
numerically or otherwise, until after you have reached a unanimous verdict or have been
discharged.  Do not disclose any vote count in any note to the court.

_____ GIVEN

_____ MODIFIED

_____ REFUSED

**ST     § 3.3   Return of Verdict**

A verdict form has been prepared for you.  [*Any explanation of the verdict form may be given at this time.*] After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

_____ GIVEN

_____ MODIFIED

_____ REFUSED

**PL      §1.1C Duty of Jury to Find Facts and Follow Law**

Members of the Jury: Now that you have heard all of the evidence [and the arguments of the attorneys], it is my duty to instruct you as to the law of the case.  [Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.]

*Or*

[A copy of these instructions will be sent with you to the jury room when you deliberate.]

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

_____ GIVEN

_____ MODIFIED

_____ REFUSED

**PL     § 9.2   Section 1983**

In order to prevail on his § 1983 claims against the defendant [*name of individual defendant*], the plaintiff must prove each of the following elements by a preponderance of the evidence:

1. the defendant acted under color of law; and

2. the act[s] of the defendant deprived the plaintiff of [his] [her] particular rights under [the laws of the United States] [the United States Constitution] as explained in later instructions.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation.  [[The parties have stipulated] [I instruct you] that the defendant acted under color of law.]

If you find the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements he is required to prove under Instruction [*specify the instruction[s] that deal with the particular right[s]*], your verdict should be for the plaintiff.  If, on the other hand, the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant.

_____ GIVEN

_____ MODIFIED

_____ REFUSED

-26-

**PL     § 9.3 Section 1983 Claim Against Supervisory Defendant In Individual Capacity – Elements And Burden Of Proof**

In order to prevail on his § 1983 claim against the supervisory defendant, [*name*], the plaintiff must prove each of the following elements by a preponderance of the evidence:

    1.  the defendant acted under color of law;

    2.  the act[s] of the defendant's subordinate[s] [*name[s]*] deprived the plaintiff of [his] [her] particular rights under [the laws of the United States] [the United States Constitution] as explained in later instructions; and

    3.  [the defendant directed [his] [her] subordinate[s] in the act[s] that deprived the plaintiff of these rights.]

    *or*

    3.  [the defendant set in motion a series of acts by [his] [her] subordinates that [he] [she] knew or reasonably should have known would cause the subordinates to deprive the plaintiff of these rights.]

    *or*

    [3.  (a) the defendant knew, or reasonably should have known, that [his] [her] subordinate[s] were engaging in these act[s] and that their conduct would deprive the plaintiff of these rights; and

    (b) the defendant failed to act to prevent [his] [her] subordinate[s] from engaging in such conduct.]

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation.  [[The parties have stipulated that] [I instruct you that] the defendant acted under color of law.]

If you find the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements [he] [she] is required to prove under Instruction [*specify the instruction[s] that deal with the particular right[s]*], your verdict should be

for the plaintiff.  If, on the other hand, the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant.

_____ GIVEN

_____ MODIFIED

_____ REFUSED

**PL   §10.1C      Civil Rights – Title VII – Disparate Treatment – "Motivating Factor" – Elements and Burden of Proof**

As to the plaintiff's claim that [his] [her] [[race] [color] [religion] [sex] [national origin]] was a motivating factor for the defendant's decision to [[discharge] [not hire] [not promote] [demote] [*state other adverse action*]] [him] [her], the plaintiff has the burden of proving both of the following elements by a preponderance of the evidence:

1.  the plaintiff was [[discharged] [not hired] [not promoted] [demoted] [*state other adverse action*]] by the defendant; and

2.  the plaintiff's [[race] [color] [religion] [sex] [national origin]] was a motivating factor in the defendant's decision to [[discharge] [not hire] [not promote] [demote] [*state other adverse action*]] the plaintiff.

[If you find that the plaintiff has proved both of these elements, your verdict should be for the plaintiff.  If, on the other hand, the plaintiff has failed to prove either of these elements, your verdict should be for the defendant.]

_____ GIVEN

_____ MODIFIED

_____ REFUSED

**PL     § 10.4A2     Elements and Burden of Proof – Non-Promotion**

An action is an adverse employment action if it materially affects the terms, conditions, or privileges of employment.  Denial of an application for Promotion is an adverse employment action.

_____ GIVEN

_____ MODIFIED

_____ REFUSED

II.     **STIPULATED NON-MODEL JURY INSTRUCTIONS**

**Section 1983**

The plaintiff, Dr. Kim, brings one of his claims under a federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.


SOURCE: Source:  Ninth Circuit Model Civil Jury Instructions, No.  9.1.


_____ GIVEN

_____ MODIFIED

_____ REFUSED

1      **NON MODEL INSTRUCTIONS PROPOSED BY PLAINTIFF**

2          **1.      ABOR -- Fair Treatment**

3          One of the Defendants in this case, Arizona Board of Regents, is an Arizona

4   agency.  The fact that the defendant is an Arizona agency should not affect your decision.

5   All persons are equal before the law and a state agency is entitled to the same fair and

6   conscientious consideration by you as any other person.

7

8

9          SOURCE: [Ninth Circuit Model Civil Jury Instruction (2007 edition) 4.1

10  (modified)]

11

12

13

14         DEFENDANT'S OBJECTION:  This action was brought against both the Arizona

15  Board of Regents and Arizona State University, which for legal purposes are one and the

16  same and may be referred to as one entity.  However, neither the Board of Regents nor the

17  University is "an Arizona agency."  Defendants object to calling them an "agency."  For

18  practical purposes, the employer in this case is Arizona State University, and it (and the

19  Board of Regents) should be referred to as "the University."  Defendants' version of

20  Model Instruction 4.1 should be given instead.

21

22

23

24  _____ GIVEN

25  _____ MODIFIED

26  _____ REFUSED

27

28

**2.      Liability of ABOR – Scope of Authority Not in Issue**

Under the law, Arizona Board of Regents is considered to be a person.  It can only act through its employees, agents, directors, or officers.  Therefore, Arizona Board of Regents is responsible for the acts of its employees, agents, directors, and officers performed within the scope of their authority.

SOURCE: [Ninth Circuit Model Civil Jury Instruction (2007 edition) 4.2 modified]

DEFENDANT'S OBJECTION:    This instruction is inapplicable, unnecessary, and certain to cause confusion.  On a substantive level, the generalization that the University "is responsible for the acts of its employees [and] agents" conflicts with the more specific legal rules stated in Defendants' proposed instructions that govern an employer's liability.  Under Title VII, an employer may or may not be responsible for the acts of its employees.  In a disparate treatment case, the employer's responsibility depends on whether employee is a decisionmaker or nondecisionmaker; and if it's latter, on whether a sufficient causal link exists to impute the nondecisionmaker's acts to the employer.  *See Lakeside-Scott v. Multnomah County*, 2009 WL 331460 (9th Cir. 2009).  On a more basic level, this instruction is unhelpful and confusing because the University is now declared to be a "person" (and implicitly a principal) that is responsible for its "agents," while in Plaintiff's previous instruction it was called an "agency."  Jurors don't need to know whether the University is an agency, a person, or a principal to decide this case.  This instruction is also irrelevant to Plaintiff's claim, if any, under § 1983 to establish individual liability.

_____ GIVEN

_____ MODIFIED

_____ REFUSED

**3.     Act of Agent Is Act of Principal—Scope of Authority Not In Issue**

Any act or omission of an agent within the scope of authority is the act or omission of the principal.

SOURCE: [Ninth Circuit Model Civil Jury Instruction (2007 edition) 4.6 modified]

DEFENDANT'S OBJECTION:    This instruction is inapplicable, unnecessary, and certain to cause confusion.  On a substantive level, the generalization that the University "is responsible for the acts of its employees [and] agents" conflicts with the more specific legal rules stated in Defendants' proposed instructions that govern an employer's liability.  Under Title VII, an employer may or may not be responsible for the acts of its employees.  In a disparate treatment case, the employer's responsibility depends on whether employee is a decisionmaker or nondecisionmaker; and if it's latter, on whether a sufficient causal link exists to impute the nondecisionmaker's acts to the employer.  *See Lakeside-Scott v. Multnomah County*, 2009 WL 331460 (9th Cir. 2009). On a more basic level, this instruction is unhelpful and confusing because the University is now declared to be a "person" (and implicitly a principal) that is responsible for its "agents," while in Plaintiff's previous instruction it was called an "agency."  Jurors don't need to know whether the University is an agency, a person, or a principal to decide this case.  This instruction is also irrelevant to Plaintiff's claim, if any, under § 1983 to establish individual liability.

_____ GIVEN

_____ MODIFIED

_____ REFUSED

-34-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**4.      Agent And Principal—Definition**

An agent is a person who performs services for another person under an express or implied agreement and who is subject to the other's control or right to control the manner and means of performing the services.  The other person is called a principal.  [One may be an agent without receiving compensation for services.] [The agency agreement may be oral or written.]

SOURCE: [Ninth Circuit Model Civil Jury Instruction (2007 edition) 4.4 modified]

DEFENDANT'S OBJECTION:    This instruction is inapplicable, unnecessary, and certain to cause confusion.  On a substantive level, the generalization that the University "is responsible for the acts of its employees [and] agents" conflicts with the more specific legal rules stated in Defendants' proposed instructions that govern an employer's liability.  Under Title VII, an employer may or may not be responsible for the acts of its employees.  In a disparate treatment case, the employer's responsibility depends on whether employee is a decisionmaker or nondecisionmaker; and if it's latter, on whether a sufficient causal link exists to impute the nondecisionmaker's acts to the employer.  *See Lakeside-Scott v. Multnomah County*, 2009 WL 331460 (9th Cir. 2009). On a more basic level, this instruction is unhelpful and confusing because the University is now declared to be a "person" (and implicitly a principal) that is responsible for its "agents," while in Plaintiff's previous instruction it was called an "agency."  Jurors don't need to know whether the University is an agency, a person, or a principal to decide this case.  This instruction is also irrelevant to Plaintiff's claim, if any, under § 1983 to establish individual liability.

_____ GIVEN

_____ MODIFIED

_____ REFUSED

5.      **Section 1981**

As to the plaintiff's claim that [his] [her] [[race] [color] [religion] [sex] [national origin]] was a motivating factor for the defendant's decision to [[discharge] [not hire] [not promote] [demote] [*state other adverse action*]] [him] [her], the plaintiff has the burden of proving both of the following elements by a preponderance of the evidence:

1.  the plaintiff was [[discharged] [not hired] [not promoted] [demoted] [*state other adverse action*]] by the defendant; and

2.  the plaintiff's [[race] [color] [religion] [sex] [national origin]] was a motivating factor in the defendant's decision to [[discharge] [not hire] [not promote] [demote] [*state other adverse action*]] the plaintiff.

[If you find that the plaintiff has proved both of these elements, your verdict should be for the plaintiff.  If, on the other hand, the plaintiff has failed to prove either of these elements, your verdict should be for the defendant.]


SOURCE: Ninth Circuit Model Civil Jury Instruction §10.1C [modified]; *Zhang v. American Gem Seafoods, Inc.,* 339 F.3d 1020, 1029 (9th Cri. 2003).


DEFENDANT'S OBJECTION:  This instruction is duplicative and therefore unnecessary.  If the jury is to be instructed on § 1981, it should be given the provisional instruction tended by Defendants.


_____ GIVEN

_____ MODIFIED

_____ REFUSED

1      **6.**    **National Origin Discrimination As Distinct From Race Discrimination.**

2      An employer's favorable treatment of "Asian" employees does not answer a claim

3  of discrimination based on national origin.

4

5

6      SOURCE:  *Lam v. University of Hawaii,* 40 F.3d 1551, 1561 n. 16 (9th

7  Cir.1994)("[I]t is significant that Lam and the Asian male candidate were of different

8  national origins-Lam being Vietnamese-French, the male candidate, Chinese.")

9

10

11

12      **DEFENDANT'S OBJECTION:**  This is not a statement of the law but merely

13  Plaintiff's interpretation of the Court's explanation in *Lam* for why there were triable

14  issues of fact.  The "motivating factor" instruction tells jurors that they should consider

15  whether Plaintiff's race or national origin was a motivating factor for the non-promotion;

16  no further instruction is needed regarding the motives alleged by Plaintiff.

17

18

19

20

21

22

23

24  _____  GIVEN

25  _____  MODIFIED

26  _____  REFUSED

27

28

1     **7.     Discrimination Infecting Promotion Process.**

2          Discrimination at any stage of the academic hiring or promotion process may infect

3     the ultimate employment decision.  A plaintiff in a university discrimination case need not

4     prove intentional discrimination at every stage of the decision-making process;

5     impermissible bias at any point may be sufficient to sustain liability.

6          SOURCE: *Roebuck v. Drexel Univ.,* 852 F.2d 715, 727 (3d Cir.1988).*; Fields v.

7     Clark University,* 817 F.2d 931, 933-35 (1st Cir.1987) (where departmental

8     recommendation important, evidence of sexist bias within sociology department sufficient

9     to sustain liability under Title VII, even absent evidence of improper bias on the part of

10    the ultimate deciding authority); *Lam v. University of Hawaii*, 40 F.3d 1551, 1560-61 (9th

11    Cri. 1994); *Lakeside-Scott v. Multnomah County,* No. 05-35896, 2007 WL 331460 *5 (9th

12    Cir. Nov. 9, 2007)(explaining that the subordinate's discriminatory animus can be

13    imputed 'upstream'"); *Poland v. Chertoff,* 494 F.3d 1174, 1182 (9th Cir. 2007)("the

14    subordinate's bias is imputed to the employer if the plaintiff can prove that the allegedly

15    independent adverse employment decision was not actually independent because the

16    biases subordinate influenced or was involved in the decision or decisionmaking

17    process.")

18         **DEFENDANT'S OBJECTION:**  This statement fails to give jurors the legal rules

19    they need to decide the case; it provides no guidance on the causal nexus between the

20    alleged bias and the ultimate decision required to establish liability.  In cases such as this

21    where a plaintiff alleges that someone with an illicit motive influenced the decisionmaker,

22    the plaintiff has the burden of showing that the decisionmaker was not actually

23    independent. *Lakeside-Scott v. Multnomah County*, 2009 WL 331460 (9th Cir. 2009);

24    *Poland v. Chertoff*, 494 F.2d 1174, 1182 (9th Cir. 2007).

25

26    _____ GIVEN

27    _____ MODIFIED

28    _____ REFUSED

1     **8.     University Liability For Acts Of Its Agents.**

2          Where a university has delegated employment decisions to a committee and

3     members of that committee have allegedly engaged in discriminatory treatment, the

4     university is liable.

5

6

7          SOURCE: *Ruggles v. California Polytechnic State University*, 797 F.2d 782, 784

8     (9th Cir. 1986); *Fields v. Clark University,* 817 F.2d 931, 932 (1st Cir.1987 *Lam v.*

9     *University of Hawaii*, 40 F.3d 1551, 1561 (9th Cir. 1994).

10

11

12          **DEFENDANT'S OBJECTION:**  This is an incorrect statement of both the facts

13     and the law.  The Board of Regents has not delegated promotion decisions to a committee;

14     it has authorized the President to make them.  Moreover, a university cannot be held liable

15     merely because members of a committee "allegedly engaged in discriminatory treatment."

16     To establish liability, a plaintiff must show that members of a committee *actually*

17     discriminated on some impermissible basis, and that a causal link exists between the

18     committee member's discrimination and the ultimate decision.  *Lakeside-Scott v.*

19     *Multnomah County*, 2009 WL 331460 (9th Cir. 2009).

20

21

22

23

24     _____ GIVEN

25     _____ MODIFIED

26     _____ REFUSED

27

28

**9.**     **Circumstantial Evidence of Discrimination**

An employer's violation of its own hiring policies does not constitute a *prima facie* violation of Title VII, but it may be circumstantial evidence of discrimination.

SOURCE: *Gonzales v. Police Dept., City of San Jose, Cal*., 901 F.2d 758, 761 (9th Cir 1990); *Lam v. University of Hawaii*, 40 F.3d 1551, 1566 (9th Cri. 1994).

**DEFENDANT'S OBJECTION:**  This is not a statement of the law but simply a comment about the type of evidence that may or may not be relevant to discrimination. As such, it is not an appropriate jury instruction, especially in this case where there is no evidence that the University violated its hiring policies in the 2002-03 re-review.

_____ GIVEN

_____ MODIFIED

_____ REFUSED

1

2   **10.    Damages—Proof [Measurement of Damages]**

3       It is the duty of the Court to instruct you about the measure of damages.  By

4   instructing you on damages, the Court does not mean to suggest for which party your

5   verdict should be rendered.

6       If you find for the plaintiff, you must determine the plaintiff's damages.  The

7   plaintiff has the burden of proving damages by a preponderance of the evidence.

8   Damages means the amount of money which will reasonably and fairly compensate the

9   plaintiff for any injury caused by the defendants.  You should consider the emotional pain

10  and suffering experienced and back pay and benefits.  Back pay includes back wages and

11  employee benefits the plaintiff would have received from the date the defendant failed to

    promote the plaintiff to the date of trial.

12      It is for you to determine what damaged, if any, have been proved.  Your award

13  must be based upon evidence and not upon speculation, guesswork, or conjecture.

14

15

16      SOURCE: Ninth Circuit Model Civil Jury Instructions §§ 5.1-5.2 (modified)

17

18      DEFENDANT'S OBJECTION:  This instruction is incorrect insofar as it asks the

19  jury to consider back pay and benefits.  Such relief is equitable in nature and under Title

20  VII a plaintiff has no right to a jury trial on a claim for back pay.  *Lutz v. Glendale Union*

21  *High School*, 403 F.3d 1061, 1069 (9th Cir. 2005).

22

23

24  _____ GIVEN

25  _____ MODIFIED

26  _____ REFUSED

27

28

1

2

3

4

5

**11.    Reeves Instruction ABOR**

If you find that the reason given by the University for not promoting Dr. Kim to be false, you may find from the falsity of the explanation that the Defendant is covering up a discriminatory reason, but you are not compelled to do so.

6

7

8

9

10

11

12

13

SOURCE: *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.**S.** 133, 146-47 (2000 ) (holding that if factfinder rejects employer's proffered nondiscriminatory reasons as unbelievable, it may infer "the ultimate fact of intentional discrimination" without additional proof of discrimination); *see also St. Mary's Honor Center,* 509 U.S. 502, 511 (1993)  ("Thus, rejection of the defendant's proffered reasons will *permit* the trier of fact to infer the ultimate fact of intentional discrimination."); *Chuang v. University of California Davis, Bd. of Trustees,*225 F.3d 1115, 1127 (9th Cir. 2000).

14

15

16

17

18

19

20

21

22

23

24

**DEFENDANT'S OBJECTION:**  This instruction provides no legal guidance to juror and is inapplicable to this case.  The *Reeves* case from which it derives addressed the propriety of JMOL in a pretext case analyzed under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  The *Reeves* court declined to say under what circumstances a factfinder could infer discrimination from an employer's false explanation.  530 U.S. at 148-49.  The court explained that the probative value of the falsity of the employer's explanation would vary depending on other factors, including the other evidence supporting the employer's case.  An instruction based on *Reeves* is totally inappropriate in this case because Plaintiff has offered no evidence in support of a pretext theory.

25

26

27

28

_____ GIVEN

_____ MODIFIED

_____ REFUSED

**12.     Reeves Instruction - Mushkatel**

If you find that the reasons given by Defendant Mushkatel for his conduct in the re-review process to be false, you may find from the falsity of the explanation that the Defendant Mushkatel is covering up a discriminatory reason, but you are not compelled to do so.

SOURCE:  *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 146-47 (2000 ) (holding that if factfinder rejects employer's proffered nondiscriminatory reasons as unbelievable, it may infer "the ultimate fact of intentional discrimination" without additional proof of discrimination); *see also St. Mary's Honor Center,* 509 U.S. 502, 511 (1993)  ("Thus, rejection of the defendant's proffered reasons will *permit* the trier of fact to infer the ultimate fact of intentional discrimination."); *Chuang v. University of California Davis, Bd. of Trustees,* 225 F.3d 1115, 1127 (9th Cir. 2000).

DEFENDANTS' OBJECTION:  This instruction is an incorrect statement of the law regarding equal protection claims under § 1983 and thus is inapplicable to the claim, if any, against Mushkatel, who was not an employer or even a decisionmaker.  To prove an equal protection violation by Mushkatel, Plaintiff must show that Mushkatel purposefully discriminated against him, *Lowe v. City of Monrovia*, 775 F.2d 998, 1010 (9th Cir. 1985), and that Mushkatel's alleged bias actually influenced President Crow's decision.  *Lakeside-Scott v. Multnomah County*, 2009 WL 331460, *7 (9th Cir. 2009).

\_\_\_\_\_ GIVEN

\_\_\_\_\_ MODIFIED

\_\_\_\_\_ REFUSED

1        **Claims and Defenses**

2        To help you follow the evidence, I will give you a brief summary of the positions

3    of the parties:

4        The plaintiff ("Dr. Kim") claims that [Defendant, ABOR acting through its agents,

5    discriminated against Dr. Kim in violation of Title VII of the Civil Rights Act of 1964.

6    He also claims that certain individual Defendants, John Meunier ("Mr. Meunier") and

7    Alvin Mushkatel ("Dr. Mushkatel") and Michael Crow ("Dr. Crow") discriminated

8    against him under 42 U.S.C. § 1981 and that they acted under color of state law to deny

9    his 14th Amendment rights to equal protection of the law].  The plaintiff has the burden of

10   proving these claims.

11       The defendants deny that they discriminated against [Dr. Kim and assert that the

12   reason Dr. Kim was denied promotion had to do with his lack of national recognition as a

13   scholar].  The defendants have the burden of proof on this [*claim*].

14       [The plaintiff denies [*Defendants' justification of denial of his application for*

15   *promotion*].]

16

17       SOURCE: Ninth Circuit Model Civil Jury Instructions §1.2 (modified)

18

19       DEFENDANT'S OBJECTION:  This is an incorrect statement of the law and an

20   incomplete statement of the reason for Plaintiff's non-promotion.  Plaintiff has the burden

21   of proving intentional discrimination.  *Texas Dept. of Community Affairs v. Burdine*, 450

22   U.S. 248, 253 (1981).  Defendants do not have any burden of proof regarding the reason

23   for not promoting Plaintiff unless Plaintiff shows that an unlawful motive was a

24   substantial or motivating factor in the decision.

25   _____ GIVEN

26   _____ MODIFIED

27   _____ REFUSED

28

III.     **NON MODEL INSTRUCTIONS PROPOSED BY DEFENDANT**

      **1.     Claims and Defenses**

The plaintiff, Dr. Kim, claims that he was denied promotion in 2003 because of his race and national origin.  The plaintiff has the burden of proving these claims.

The Defendants deny those claims and contend that Dr. Kim was denied the promotion for a legitimate, nondiscriminatory reason.

SOURCE: Ninth Circuit Model Civil Jury Instructions, No.  1.2 (modified)

PLAINTIFF'S OBJECTION.  Does not fully state Plaintiff's claims.

_____ GIVEN

_____ MODIFIED

_____ REFUSED

**2.      Fair Treatment**

One of the defendants in this case is the Arizona Board of Regents, a governmental entity.  The Board operates Arizona State University.  For purposes of these instructions, the Board of Regents and the University should be considered as a single governmental entity.

All parties are equal before the law and a governmental entity is entitled to the same fair and conscientious consideration by you as any party.

SOURCE:  Ninth Circuit Model Civil Jury Instructions No.  4.1 (modified).

PLAINTIFF'S OBJECTION.  It is more precise to say that Arizona Board of Regents is an Arizona agency.

\_\_\_\_\_ GIVEN

\_\_\_\_\_ MODIFIED

\_\_\_\_\_ REFUSED

### 3.    Disparate Treatment Motivating Factor

The plaintiff, Dr. Kim, has brought a claim of employment discrimination against the defendants.  The plaintiff claims that his race and national origin were either the sole reasons or motivating factors for the decision not to promote him.  Defendants deny that either plaintiff's race or national origin motivated the decision and further claim that Dr. Kim's application was denied because his research activity was insufficient to earn a promotion.

SOURCE: Source:  Ninth Circuit Model Civil Jury Instruction No.  10.1A (modified).

PLAINTIFF'S OBJECTION:  Plaintiff is only claiming motivating factor.  The instruction should be § 10.1C.  Further, the claim that Kim's research activity was insufficient to earn a promotion is a misstatement of the record.  President Crow testified that Kim had not demonstrated "evidence of professor behavior, which is national statute. Deposition of Michael Crow at 73:51:11-52:22.

\_\_\_\_\_ GIVEN

\_\_\_\_\_ MODIFIED

\_\_\_\_\_ REFUSED

1

### 4. Elements/Same Decision

As to the plaintiff's claim that his race and national origin were motivating factors for the decision to not promote him, the plaintiff has the burden of proving both of the following elements by a preponderance of the evidence:

(1)    The plaintiff was not promoted; and

(2)    The plaintiff's race or national origin was a motivating factor in the decision to not promote him.

If you find that the plaintiff has failed to prove either of these elements, your verdict should be for the Defendants.  If you find that the plaintiff has proved both of these elements, you must then consider whether the defendants have shown by a preponderance of the evidence that the plaintiff would have been denied the promotion for any other reason.  If you find that President Crow would have made the same decision to deny the promotion for some reason other than Dr. Kim's race or national origin, then your verdict should be for the defendants.

SOURCE: Source:  Ninth Circuit Model Civil Instructions, No.  10.1C (modified); *Mt. Healthy City School Dist.  v. Doyle*, 429 U.S. 274, 287 (1977).

PLAINTIFF'S OBJECTION:  Same decision is an affirmative defense that must be pled.  Fed. R.  Civ. P.  8 (1) ("a party must affirmatively state any avoidance or affirmative defense"); *Metoyer v Chassman,* 504 F.3d 919, 931 (9th Cir. 2007).  Defendants did not plead this affirmative defense.  Failure to plead an affirmative defense is a waiver of that defense.  *Enlow v. Salem-Keizer Yellow Cab Co., Inc.,* 389 F.3d 802, 819 (9th Cri. 2004).  Defendants have not made any disclosure of evidence or a witness who will testify to this defense.  The expected testimony of every witness who has been

disclosed is limited to "their involvement with Plaintiff's promotion process and grievance procedures.  The subject matter of their testimony is more fully described in the documents tendered to Plaintiff in conjunction with this disclosure."  The documents attached were Plaintiff's Personnel File from Office of the Provost.  None of them bear on the same-decision affirmative defense.  The Defendants' failure to plead or disclose this affirmative defense deprived Plaintiff of any opportunity to conduct discovery on this affirmative defense.

_____ GIVEN

_____ MODIFIED

_____ REFUSED

**5.     Damages**

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff, you must determine his damages.  The plaintiff has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will fairly and reasonably compensate the plaintiff for any injury you find was caused by the defendants.  You should consider the emotional pain and suffering experienced.

It is for you to determine what damages, if any, have been proved.  Your award must be based upon evidence and not upon speculation, guesswork, or conjecture.

SOURCE:  Ninth Circuit Model Civil Jury Instructions, No.  5.1 and 5.2

PLAINTIFF'S OBJECTION:  This instruction does not include all of the damages available to Plaintiff.

_____ GIVEN

_____ MODIFIED

_____ REFUSED

**6.**     **Damages – Mitigation**

The plaintiff has a duty to use reasonable efforts to mitigate damages.  To mitigate means to avoid or reduce damages.

The defendants have the burden of proving by a preponderance of the evidence:

1.     That the plaintiff failed to use reasonable efforts to mitigate damages; and

2.     The amount by which damages would have been mitigated.


SOURCE: Source:  Ninth Circuit Model Civil Jury Instructions No.  5.3.


PLAINTIFF'S OBJECTION.  Defendants have not disclosed any evidence or any witness who will testify to this affirmative defense.  The expected testimony of every witness who has been disclosed is limited to "their involvement with Plaintiff's promotion process and grievance procedures.  The subject matter of their testimony is more fully described in the documents tendered to Plaintiff in conjunction with this disclosure."  The documents attached were Plaintiff's Personnel File from Office of the Provost.  None of them bear on mitigation of damages.  The Defendants' failure to plead or disclose this affirmative defense deprived Plaintiff of any opportunity to conduct discovery on this affirmative defense.  Furthermore, the opportunity to reapply for promotion is not an unconditional offer for purposes of mitigation of damages.  The goal of relief of Title VII is to make the plaintiff whole or to place the plaintiff in the position he would have been but for discrimination.  Reapplying would not make him whole.  *Rasimas v. Michigan Dept of Mental Health,* 714 F.2d 614, 626 (6th Cri. 1983)




_____ GIVEN

_____ MODIFIED

_____ REFUSED

1          **7.    Business Judgment**

2          You may not return a verdict for plaintiff just because you might disagree with the

3    decision not to promote him.

4          The law applicable to this case requires only that an employer not discriminate

5    against an employee because of the employee's race or national origin.  The defendants

6    may decide not to promote the plaintiff for any other reason, good, bad, or unfair, and you

7    must not second guess that decision or permit any sympathy for the plaintiff to lead you to

8    substitute your own judgment for that of defendants even though you personally may not

9    agree with the decision or would have acted differently under the circumstances.

10

11

12         SOURCE: Sources:  *Odima v. Westin Tucson Hotel Co.*, 991 F.2d 595, 602 (9th

13   Cri. 1993); *Wolff v. Brown*, 128 F.3d 682, 685 (8th Cir. 1997) ("In an employment

14   discrimination case, a business judgment instruction is 'crucial to a fair presentation of the

15   case,' and the district court must offer it whenever it is proffered by the defendant.");

16   O'Malley, et al., FED. JURY PRACTICE AND INSTRUCTIONS § 172.64 (5th ed.).

17

18

19

20         PLAINTIFF'S OBJECTION.  Business judgment rule is an affirmative defense

21   that must be pled.  Fed. R.  Civ. P.  8 (1) ("a party must affirmatively state any avoidance

22   or affirmative defense"); *See In re Tower Air, Inc.,* 416 F.3d 229,238 (3rd Cri.

23   2005)(describing business judgment rule as affirmative defense); *In re Subpoenas Issued*

24   *to Dennis Friedman,* 350 F.3d 65, 67 (2nd Cri. 2003)(same).  Defendants did not plead this

25   affirmative defense.  Failure to plead an affirmative defense is a waiver of that defense.

26   *Enlow v. Salem-Keizer Yellow Cab Co., Inc.,* 389 F.3d 802, 819 (9th Cri. 2004).

27   Defendants have not disclosed any evidence or any witness who will testify to this

28   affirmative defense.  The expected testimony of every witness who has been disclosed is

limited to "their involvement with Plaintiff's promotion process and grievance procedures."  The subject matter of their testimony is more fully described in the documents tendered to Plaintiff in conjunction with this disclosure."  The documents attached were Plaintiff's Personnel File from Office of the Provost.  None of them bear on the business judgment rule.  The Defendants' failure to plead or disclose this affirmative defense deprived Plaintiff of any opportunity to conduct discovery on this affirmative defense.

_____ GIVEN

_____ MODIFIED

_____ REFUSED

**8.     Impeachment**

The evidence that a witness committed plagiarism may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

PLAINTIFF'S OBJECTION.  *See* Plaintiff's Motion In Limine No.  5 Re: Introduction Of Extrinsic Evidence In An Attempt To Prove An Unsubstantiated Claim Of Plagiarism Against Theresa Cameron

_____ GIVEN

_____ MODIFIED

_____ REFUSED

1      **9.  Title VII Limitations**

2          The University has raised the statute of limitations as a defense to the plaintiff's

3  claim of discrimination regarding the 2001 decision not to promote him.  The University

4  has the burden of proving by a preponderance of the evidence that this part of the

5  plaintiff's claim is barred by the statute of limitations.  The statute of limitations is a law

6  that a claim is barred if the plaintiff does not file his claim within a specified period of

7  time.

8          Before a plaintiff may sue an employer under Title VII for discrimination, he must

9  file a charge of discrimination with the Equal Employment Opportunity Commission, or

10  EEOC.  A charge of discrimination must be filed with the EEOC within 300 days after the

11  plaintiff's claim accrues.  A claim of discrimination accrues when the plaintiff is aware or

12  should be aware of the discriminatory act.

13          The University notified Dr. Kim of the decision to not promote him on April 27,

14  2001.  Dr. Kim filed a grievance with the University appealing that decision.  You are

15  instructed that a grievance does not extend the statute of limitations.  You must decide

16  whether Dr. Kim filed a timely charge with the EEOC.  If you find that he did not, you

17  may not award him any damages relating to the 2001 decision not to promote him.

18

19          SOURCE:  *Delaware State College v. Ricks*, 449 U.S. 250 (1980); 42 U.S.C.

20  § 2000e-5(e)(1).

21

22          PLAINTIFF'S OBJECTION.  Plaintiff does not have any claims that are barred by

23  the statute of limitations.  He is not challenging the 2001 decision.

24

25  _____ GIVEN

26  _____ MODIFIED

27  _____ REFUSED

28

1

        **10.**    **Section 1983**

2

      The plaintiff, Dr. Kim, brings one of his claims under a federal statute, 42 U.S.C. §

3

1983, which provides that any person or persons who, under color of law, deprives

4

another of any rights, privileges, or immunities secured by the Constitution or laws of the

5

United States shall be liable to the injured party.  This claim is asserted against Dr. Alvin

6

Mushkatel.  Dr. Kim alleges that Dr. Mushkatel violated his right to equal protection of

7

the laws.  On this claim, Dr. Kim has the burden of proving that:

8

      1.  Dr. Mushkatel acted under color of law.

9

      2.  Dr. Mushkatel intentionally discriminated against him on the basis of race or

10

          national origin in the 2002-03 promotion review.

11

      3.  Dr. Mushkatel's bias was a substantial or motivating factor in President Crow's

12

          decision to not promote Dr. Kim.

13

      If you find that Dr. Kim has proved all three of these elements, you must decide

14

whether President Crow would have made the same decision to not promote Dr. Kim

15

regardless of any bias on the part of Dr. Mushkatel.  Defendants have the burden of

16

proving that President Crow would have made the same decision.

17

18

      SOURCE:  Ninth Circuit Model Civil Jury Instructions, No. 9.1 (modified);

19

*Lakeside-Scott v. Multnomah County*, 2009 WL 331460 (9th Cir. 2009); *Mt. Healthy City*

20

*Sch. Dist. v. Doyle*, 429 U.S. 274, 287 (1977); *Lowe v. City of Monrovia*, 775 F.2d 998,

21

1010 (9th Cir. 1985).

22

23

      NOTE:  This is a provisional instruction.  There is a dispute concerning the

24

viability of Plaintiff's § 1983 claim.  This instruction should be given only in the event the

25

Court permits the § 1983 claim to be submitted to the jury.

26

27

28

1     PLAINTIFF'S OBJECTION.  Defendant's modifications of the Ninth Circuit

2   Model Civil Jury Instruction § 9.1 are substantial.  Defendant continues to try to winnow

3   and misrepresent Plaintiff's claims.  Liability against Dr. Mushkatel under § 1983 does

4   not depend upon President Crow's reliance.  Although Plaintiff will be able to show that

5   the conduct of Alvin Mushkatel influenced President  Crow's decision.

6        It is not necessary to prove that the discrimination was intentional.  The note to §

7   9.2 provides:

8        This instruction does not include the phrase "the acts or omissions of the
         defendant were intentional" (as in an earlier version of the instruction)
9        because § 1983 "contains no independent state-of-mind requirement" apart
         from what is necessary to state a violation of the underlying constitutional
10       right.  *Daniels v. Williams*, 474 U.S. 327, 328 (1986).

11  The discrimination that Dr. Kim claims is a continuing act of discrimination begun by

12  Alvin Mushkatel in the first review continuing into the re-review process.  Alvin

13  Mushkatel's conduct is a part of a continuing pattern and practice of discriminatory

14  conduct that culminated in an adverse report by him relied upon by President Crow to

15  deny Plaintiff promotion.

16       Defendant also attempts to assert the "Same Decision" affirmative defense.  By not

17  pleading it and not giving any disclosure or providing the opportunity for discovery,

18  Defendants have waived this.  *See* Plaintiff's Objection to Defendant's proposed "Same

19  Decision" instruction.

20

21

22

23

24

25  _____ GIVEN

26  _____ MODIFIED

27  _____ REFUSED

28

1          **11.     Section 1981**

2          The plaintiff, Dr. Kim, is also suing the University under Section 1981 of Title 42.

3    That statute states that all persons "shall have the same rights . . . to make and enforce

4    contracts . . . as is enjoyed by white citizens."  To establish a violation of Section 1981,

5    Dr. Kim has the burden of proving that his race was a substantial or motivating factor in

6    President Crow's decision to not promote him.  If race is shown to be a substantial or

7    motivating factor in the decision, the University has the burden of showing that it would

8    have made the same decision even in the absence of any consideration of race.

9

10         SOURCES: 42 U.S.C. § 1981; O'Malley, et al., FED. JURY PRACTICE AND

11   INSTRUCTIONS § 169.10 (5th ed. 2001); *Mt. Healthy City Sch. Dist. v. Doyle*, 429 U.S.

12   274 (1977).

13

14         NOTE:  This is a provisional instruction.  There is a dispute concerning the

15   viability of Plaintiff's § 1981 claim.  This instruction should be given only in the event the

16   Court permits the § 1981 claim to be submitted to the jury.

17

18         PLAINTIFF'S OBJECTION.  Plaintiff is not suing the University under § 1981.

19   *Mt. Healthy City Sch. Dist. v. Doyle*, 429 U.S. 274 (1977) is not 42 U.S.C. § 1981

20   case.  Defendants are attempting to misdirect the jury with this instruction.  Title VII and

21   42 U.S.C. § 1981 are different in terms of sources of the law but mirrors proof of liability.

22   Title VII instructions are all that is necessary for cases involving § 1981.  *See Jurado v.

23   Eleven-Fifty Corp.,* 813 F.2d 1406, 1412 (9th Cir.1987) ("An employee may seek relief

24   under both Title VII and section 1981 for racial discrimination in employment); *Lowe v.

25   City of Monrovia,* 775 F.2d 998, 1010 (9th Cir.1986).  The same standards apply, and

26   facts sufficient to give rise to a Title VII claim are also sufficient for a section 1981 claim.

27   *Id.*  The Supreme Court has held that employment discrimination not based on a disparate

28   impact theory is, in fact, intentional discrimination: "The 1991 [Civil Rights] Act limits

compensatory and punitive damages awards ... to cases of 'intentional discrimination' - that is, cases that do not rely on the 'disparate impact' theory of discrimination." *Kolstad v. Am. Dental Ass'n,* 527 U.S. 526, 534, 119 S.Ct. 2118, 144 L.Ed.2d 494 (1999) (citation omitted).

\_\_\_\_\_ GIVEN

\_\_\_\_\_ MODIFIED

\_\_\_\_\_ REFUSED

**12.     Sections 1981 and 1983 Statute of Limitations**

The defendants have raised the statute of limitations as a partial defense to plaintiff's claim of discrimination.  The statute of limitations is a law that a claim is barred if a plaintiff does not file his lawsuit within a specified period of time.  The defendants have the burden of proof regarding the statute of limitations defense.

A discrimination claim under Sections 1981 and 1983 must be brought within two years after the claim accrues.  A claim accrues when the plaintiff knows or should know of the discriminatory act.

The University notified Dr. Kim of the decision to not promote him on April 27, 2001, after the first promotion review process.  Dr. Kim filed a grievance with the University appealing that decision.  You are instructed that a grievance does not extend the statute of limitations.  You must decide whether Dr. Kim filed a timely claim under sections 1981 and 1983 regarding the denial of his application for promotion in 2001.  If you find that he did not, you may not award him any damages relating to the 2001 decision not to promote him.

SOURCES:  *Delaware State College v. Ricks*, 449 U.S. 250 (1980); *Madden-Tyler v. Maricopa County*, 943 P.2d 822, 825 (Ariz. App. 1997); *Addisu v. Fred Meyer, Inc*. 198 F.3d 1130, 1140 (9th Cir. 2000).

NOTE:  This is a provisional instruction.  There is a dispute concerning the viability of Plaintiff's §§ 1981 and 1983 claims.  This instruction should be given only in the event the Court permits those claims to be submitted to the jury.

PLAINTIFF'S OBJECTION.  Plaintiff does not have any claims that are barred by the statute of limitations.  He is not challenging the 2001 decision.


_____ GIVEN

_____ MODIFIED

_____ REFUSED

Dated this 2nd day of March 2009,

          LAW OFFICES OF WILLIAM R HOBSON, P.C.
          LAW OFFICES OF KEVIN KOELBEL, P.C.
          THE KIM LAW FIRM, L.L.C.


             s/ Kevin Koelbel
          William R.  Hobson
          Kevin Koelbel
          Matthew Kim
          Attorneys for Plaintiff

          ARIZONA ATTORNEY GENERAL'S OFFICE


             s/ Michael Goodwin l
          Michael Goodwin
          Assistant Attorney General
          Attorney for Defendant