**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joochul Kim, ) | No. CV-04-1931-PHX-MHM |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Arizona Board of Regents, et al.,, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Currently pending before the Court is the question of whether Mr. Kim's claims under 42 U.S.C. § 1981 and 42 U.S.C. § 1983 should proceed to trial.

**I.     Procedural History**

On April 6, 2009, the Court held a Final Pretrial Conference (FPTC), at which time the Court addressed the issue of Mr. Kim's § 1981 and § 1983 claims, and whether these two claims remained viable following the Ninth Circuit's Mandate, which reversed in part and affirmed in part this Court's September 29, 2006 Order granting summary judgment in favor of Defendants on all five Counts contained in Plaintiff's Complaint.

At the FPTC, Defendants argued that neither the § 1981 claim, nor the § 1983 claim should be permitted to proceed to trial. With respect to these claims, Defendants argued that Plaintiff's appeal should be construed as dealing only with his Title VII claims because the § 1981 and § 1983 claims were not specifically addressed in either Plaintiff's appellate briefing or by the Ninth Circuit's in its Memorandum Opinion.  Plaintiff responded by

1 arguing that the only aspect of the September 29, 2006 Summary Judgment Order that was
2 affirmed on appeal was the dismissal of Mr. Kim's § 1983 claim based on Procedural Due
3 Process under the 14th Amendment.[1] Plaintiff contended that all remaining issues, namely,
4 the Title VII, § 1981 and § 1983 claims, remain viable and must be permitted to proceed to
5 trial.

6 After hearing the Parties' respective positions, but without making an ultimate
7 determination as to whether Mr. Kim's § 1981 and § 1983 claims were in fact triable, the
8 Court informed Mr. Kim's counsel that they should prepare for trial as if only the Title VII
9 claims would be moving forward. At the same time, the Court directed the Parties to submit
10 supplemental briefing on the § 1981 and § 1983 issues; this briefing was due by close of
11 business Friday, April 11, 2009.

12 On Monday, April 13, 2009, without waiting for this Court to issue a final decision,
13 Plaintiff filed a Petition for Writ of Mandamus in the Ninth Circuit, and moved the Circuit
14 to stay the district court proceedings during the pendency of the Petition.

15 **II.  Legal Analysis**

16 Despite Plaintiff's premature attempt to seek appellate intervention, the Court finds
17 that the positions set forth by Plaintiff in his supplemental filing are legally correct, and both
18 the § 1981 and § 1983 claims are viable.

19 With respect to the procedural posture of a case on remand, the Ninth Circuit has
20 previously stated that without question "the trial court must proceed in accordance with the
21 mandate on appeal." Stevens v. F/V Bonnie Doon, 731 F.2d 1433, 1435 (9th Cir. 1984).
22 Yet, while the mandate is obviously controlling "as to all matters within its compass," it
23 leaves the district court with the discretion to resolve "any issue not expressly or impliedly
24 disposed of on appeal." Id. Admittedly, the record currently before the Court is not a model
25 of clarity. To begin with, Count V in Plaintiff's Complaint appears to contain two separate

---

[1] On appeal, the Ninth Circuit held that Mr. Kim had abandoned his Title VII retaliation claim.

- 2 -

1  claims for relief under 42 U.S.C. § 1983: one claim under the Equal Protection Clause and
2  another under the Due Process Clause.  Furthermore, although Defendants moved for
3  summary judgment on Plaintiff's "§ 1983 Count," it does not appear as though Defendants
4  actually made an argument before this Court on the equal protection aspect of that Count.
5  In any event, Plaintiff never brought this issue to the Court's attention and all five Counts of
6  Plaintiff's Complaint, including both aspects of the § 1983 Count, were subsequently
7  dismissed. Plaintiff then appealed. On appeal, Plaintiff's opening brief focused solely on the
8  legal merits of his Title VII discrimination claim.  Plaintiff did not make a separate and
9  distinct legal argument that dismissal of his § 1983 equal protection claim or his § 1981 claim
10 was in error.  See Edwards v. Marin Park, Inc., 356 F.3d 1058, 1066 (9th Cir. 2004) (noting
11 that the Ninth Circuit does not generally consider matters that "are not specifically and
12 distinctly argued in an appellant's opening brief").  In fact, this Court noted that the words
13 "equal protection" do not appear anywhere in Plaintiff's opening appellate brief.

14         In September 2008, the Ninth Circuit issued a Memorandum Opinion, where it noted
15 that Plaintiff had "appeal[ed] the district court's grant of summary judgment . . . on Kim's
16 **claims** for national origin/racial discrimination and violation of due process pursuant to Title
17 VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., 42 U.S.C. § 1983." (Dkt.#
18 88, Attachment 2, p.2) (Emphasis added).  Therefore, contrary to Defendants' position, the
19 Ninth Circuit apparently recognized that Plaintiff had preserved all five of his Counts for
20 appellate review. Citing only one case, Lam v. University of Hawaii, 40 F.3d 1551 (9th Cir.
21 1994), the Ninth Circuit ultimately held that there were "genuine issue of material fact
22 whether the University discriminated against Kim on the basis of his Asian ethnicity . . .."
23 Id.  The court went on to conclude that this Court erred in "granting summary judgment on
24 Kim's discrimination **claim**." Id. (Emphasis added).  Presumably, the discrimination claim
25 that the Circuit was referring to was Plaintiff's Title VII claim, since his appellate briefing
26 focused solely on that issue. Because the Ninth Circuit opinion refers to only a single claim
27 of discrimination, the status of Plaintiff's § 1981 claim and § 1983 equal protection claim,
28 which were based on the same allegedly discriminatory facts, remains uncertain and there

1 are the Parties have presented colorable arguments that could sufficiently support a finding
2 in either direction.

3       On the one hand, as Plaintiff argues, if a genuine issue of material fact exists as to the
4 Title VII discrimination claim, then the same should be true for the two additional claims.
5 After all, Plaintiff's claims under the equal protection clause and § 1981 are, like his Title
6 VII claim, related to allegations of national origin/racial discrimination. In addition, Plaintiff
7 argues that the <u>Lam</u> case, which was the only case relied upon by the Ninth Circuit in its
8 Memorandum Opinion, had a procedural history similar to the instant case.  In <u>Lam</u>, the
9 plaintiff had brought claims of discrimination under Title VII, § 1981 and § 1983.  The Ninth
10 Circuit then analyzed whether there was sufficient evidence of discrimination under Title VII
11 alone. Upon finding that there was a genuine issue of material fact as to discrimination under
12 Title VII, the court summarily applied the legal conclusion that it had reached under Title VII
13 to the discrimination claims brought under § 1981 and § 1983. <u>Lam</u>, therefore, arguably held
14 that the viability of a claim for discrimination under § 1981 or § 1983 could either rise or fall
15 with the court's legal determination of Title VII.  Plaintiff contends that the holding of <u>Lam</u>
16 should compel the same result in the instant case.

17       On the other hand, in its Memorandum Opinion, the Ninth Circuit, when reversing this
18 Court's grant of summary judgment, referred only to Mr. Kim's discrimination <u>claim</u> in a
19 singular sense. Presumably, the Circuit addressed a single discrimination <u>claim</u> because
20 Plaintiff solely briefed the Title VII discrimination issue on appeal.  Therefore, one
21 permissible reading of the Ninth Circuit's decision is that this Court's September 2006
22 Summary Judgment Order was reversed only as to Kim's Title VII claim, rather than
23 multiple discrimination claims brought under § 1981 and § 1983.

24       Nevertheless, in an abundance of caution, this Court finds that Plaintiff's § 1981 claim
25 and § 1983 equal protection claim should be allowed to proceed to trial, as each claim
26 concerns the University's allegedly discriminatory practices, which is the very factual issue
27 for which the Ninth Circuit remanded the case for determination by a jury. Given the Ninth
28

1  Circuit's mandate and the confusing state of the record, the most prudent course of action is
2  to let all of Plaintiff's discrimination claims proceed to trial.
3     **Accordingly,**
4     **IT IS HEREBY ORDERED** granting Plaintiff's request to allow his claims for relief
5  under 42 U.S.C. § 1981 and 42 U.S.C. § 1983 move forward to trial.
6     DATED this 16th day of April, 2009.

_____
Mary H. Murguia
United States District Judge