```
                                              ☒ FILED      ___ LODGED
                                              ___ RECEIVED ___ COPY

                                                  MAY - 7 2009

                                              CLERK U S DISTRICT COURT
                                                DISTRICT OF ARIZONA
                                              BY_____ DEPUTY
```

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joochul Kim, | No. CV 04-1931-PHX-MHM |
| Plaintiff, | |
| vs. | **JURY INSTRUCTIONS** |
| Arizona Board of Regents, Arizona State University, and Alvin Mushkatel, | |
| Defendants. | |

---

**INSTRUCTIONS AS GIVEN BY THE COURT**

---

Dated this 7th day of May, 2009.


Mary H. Murguia
United States District Judge

Page 2

Members of the Jury:  Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case.

A copy of these instructions will be sent with you to the jury room when you deliberate.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you must apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

Page 3

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

Page 4

You should decide the case as to each defendant separately. Unless otherwise stated, the instructions apply to all parties.

Page 5

The evidence you are to consider in deciding what the facts are consists of:

1.     the sworn testimony of any witness;

2.     the exhibits which are received into evidence; and

3.     any facts to which the lawyers have agreed.

Page 6

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition sometimes testimony and exhibits are received only for a limited purpose; when I have given a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Page 7

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

Page 8

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

Page 9

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

Dr. Kim has brought claims against the Arizona Board of Regents, and Arizona State University under Title VII of the Civil Rights Act of 1964. Under Title VII, Dr. Kim contends that a motivating factor in Dr. Crow's 2003 decision not to promote him was discrimination based on Dr. Kim's race or national origin.

Defendants deny this claim, and contend that Dr. Kim was denied promotion to full professor for non-discriminatory reasons. The plaintiff, Dr. Kim, carries the burden of proof on the Title VII claim.

In addition, Dr. Kim has brought a single claim against Dr. Alvin Mushkatel as an individual defendant under 42 U.S.C. § 1983. Dr. Kim contends that Dr. Mushkatel discriminated against him based on race or national origin, thereby denying Dr. Kim equal protection of the law under the United States Constitution.

Dr. Mushkatel denies this claim, and contends that he did not discriminate against Dr. Kim during the promotion review process. The plaintiff, carries the burden of proof on the equal protection claim brought under 42 U.S.C. § 1983.

The plaintiff, Dr. Kim, brings a claim against the Arizona Board of Regents and Arizona State University under Title VII of the Civil Rights Act of 1964.  Title VII of the Civil Rights Act addresses unlawful employment practices. Title VII prevents an employer from discriminating against any person with respect to compensation, tenure, conditions or privileges of employment based on such person's race or national origin.

In order to prevail on his Title VII claim against the Arizona Board of Regents and Arizona State University, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1.     Dr. Kim was not promoted; and

2.     Dr. Kim's race or national origin was a motivating factor in Arizona State University's decision to not promote Dr. Kim in 2003.

If the plaintiff has failed to prove either of these elements, you must find in favor of the defendants. If you determine that the plaintiff has proved both of these elements, you must find in favor of the plaintiff.

If, however, the defendants prove by a preponderance of the evidence that Arizona State University would have made the same decision not to promote Dr. Kim had race or national origin discrimination played no role in the promotion process, then you should still find in favor of Dr. Kim as to liability, but he will not be entitled to damages.

Discrimination at any stage of the academic hiring or promotion process may affect the ultimate decision. The plaintiff, Dr. Kim, is not required to prove intentional discrimination at every stage of the promotion process. The plaintiff is, however, required to prove that his race or national origin was a "motivating factor" in the ultimate decision to deny Dr. Kim's promotion to full professor.

The plaintiff may meet this burden by showing that discrimination based on race or national origin influenced the promotion review process to the point where Arizona State University's ultimate decision in 2003 relied upon the earlier discrimination or was tainted by the earlier discrimination.

Page 14

You should be mindful that the law under Title VII requires only that an employer not discriminate against an employee because of the employee's race or national origin.

You may not return a verdict for plaintiff just because you might disagree with the decision not to promote Dr. Kim or believe it to be harsh or unreasonable.

Page 15

The plaintiff brings a claim against Dr. Alvin Mushkatel in his individual capacity under the federal statute 42 U.S.C. § 1983. This statute provides that any person acting under color of law who deprives another of any rights secured by the United States Constitution shall be liable to the injured party. Plaintiff alleges that Dr. Mushkatel violated plaintiff's rights under the Equal Protection Clause of the United States Constitution.

You must determine Dr. Alvin Mushkatel's liability under § 1983 based solely on Dr. Mushkatel's individual actions and not those of the Arizona Board of Regents, Arizona State University, or any of the University employees who took part in Dr. Kim's promotion review process.

In order to prevail on his § 1983 claim against Dr. Alvin Mushkatel, the plaintiff must prove each of the following elements by a preponderance of the evidence:

    1.    Dr. Alvin Mushkatel acted under color of law; and

    2.    the acts of the Dr. Alvin Mushkatel deprived the plaintiff of a particular right under the United States Constitution, as explained in the later instruction.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation.  It is undisputed that Alvin Mushkatel acted under color of law.

If you find that the plaintiff has proved all the elements he is required to prove under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution [see the next instruction on the following page], your verdict should be for the plaintiff.  If, on the other hand, the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant.

As previously explained, the plaintiff has the burden to prove that the acts of the defendant, Dr. Alvin Mushkatel, deprived the plaintiff, Dr. Kim, of a particular right under the United States Constitution. In this case, the plaintiff alleges the defendant deprived him of his rights under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

Under the Equal Protection Clause, all citizens have the right to be treated equally under the law, regardless of their race or national origin. In order to prove the defendant deprived the plaintiff of a right to equal protection, the plaintiff must prove the following additional elements by a preponderance of the evidence:

1.    Dr. Alvin Mushkatel intentionally discriminated against Dr. Kim based on race or national origin; and

2.    Dr. Alvin Mushkatel discriminatory actions were a motivating  factor in the decision not to promote Dr. Kim to full professor.

3.    If you find that Dr. Alvin Mushkatel's intentional discrimination was a motivating factor in the decision not to promote Dr. Kim to full professor, you must consider Dr. Alvin Mushkatel's"same decision" defense.  That is, if Dr. Mushkatel proves by a preponderance of the evidence that Arizona State University would have made the same decision not to promote Dr. Kim in 2003 had race or national origin discrimination played no role in the promotion process, then your verdict should be for Defendant Dr. Mushkatel.

I am now going to instruct you on damages. Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not the Arizona Board of Regents and Arizona State university or Dr. Alvin Mushkatel should be held liable.

If you find for the plaintiff, you must determine his damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will fairly and reasonably compensate the plaintiff for any injury you find was caused by the defendants.

In determining the amount of any damages that you decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guesswork.

You may award damages for any pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life that the plaintiff, Dr. Kim, experienced as a consequence of the defendants' allegedly unlawful action. No evidence of the monetary damages value of such intangible things as pain and suffering has been, or need be, introduced into evidence. You may award damages for monetary losses resulting from any harm to Dr. Kim's academic reputation that was suffered as a result of the non-promotion. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at trial.

I instruct you that in awarding compensatory damages, you are not to award damages for the amount of wages that Dr. Kim would have earned in the past, if he had been promoted. These elements of recovery

Page 19

from the defendants are called "back pay."  Under the applicable law, the determination of "back pay" is for the court.

As I instructed you previously, Dr. Kim has the burden of proving damages by a preponderance of the evidence. But the law does not require that the plaintiff prove the amount of his losses with mathematical precision; it requires only as much definiteness and accuracy as the circumstances permit.

Page 20

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Page 21

    If it becomes necessary during your deliberations to communicate with me, you may send a note through the Courtroom Deputy, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

Page 22

A verdict form has been prepared for you.   After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court th at you are ready to return to the courtroom.