**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joochul Kim, | ) No. CV-04-1931-PHX-MHM |
| Plaintiff, | ) |
| | ) **ORDER** |
| vs. | ) |
| | ) |
| Arizona Board of Regents, et al., | ) |
| Defendant. | ) |
| | ) |

Currently pending before the Court is Plaintiff Dr. Joochul Kim's Motion for New Trial, (Dkt.#193), and Defendant Dr. Alvin Mushkatel's Motion for Attorney Fees, (Dkt.#196). After reviewing the pleadings and determining oral argument unnecessary, the Court issues the following Order.

**I.     Motion for New Trial**

A new trial may be granted after a jury verdict on any basis "for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). Rule 59 does not specify the grounds on which a motion for new trial may be granted. Molski v. M.J. Cable, Inc., 481 F.3d 724, 729 (9th Cir. 2007)(citing Zhang v. Am. Gem Seafoods, Inc., 339 F.3d 1020, 1035 (9th Cir. 2003)). The court is bound by any grounds that have been historically recognized. Id. These grounds include that the verdict is against the

1  weight of the evidence. Id. (citing Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 251

2  (1940). A motion for new trial may be granted when the verdict is against the "great weight"

3  of the evidence or "it is quite clear that the jury had reached a seriously erroneous result."

4  Digidyne Corp. v. Data General Corp., 734 F.2d 1336, 1347 (9th Cir. 1984)(citations

5  omitted).

6      A motion for new trial on insufficiency of evidence grounds may be granted "only if

7  the verdict is against the 'great weight' of the evidence, or 'it is quite clear that the jury

8  reached a seriously erroneous result.'" Incalza v. Fendi North America, Inc., 479 F.3d 1005,

9  1013 (9th Cir. 2007).  While a trial court "may weigh the evidence and the credibility the

10 witnesses, the court is not justified in granting a new trial 'merely because it might have

11 come to a different result from that reached by the jury.'" Roy v. Volkswagen of America,

12 Inc., 896 F.2d 1174, 1176 (9th Cir. 1990); see also Martin v. California Dep't of Veterans

13 Affairs, 560 F.3d 1042, 1046 (9th Cir. 2009) ("A trial court may grant a new trial only if the

14 verdict is against the clear weight of the evidence, and may not grant it simply because the

15 court would have arrived at a different verdict."); Union Oil Co. v. Terrible Herbst, Inc., 331

16 F.3d 735, 743 ("It is not the courts' place to substitute our judgment for those of the jurors.").

17 "[A] decent respect for the collective wisdom of the jury, and for the function entrusted to

18 it in our system, certainly suggests that in most cases the judge should accept the finds of the

19 jury." Landes Const. Co., Inc. v. Royal Bank of Canada, 833 F.2d 1365, 1371 (9th Cir.

20 1987.)

21      The jury determined that Dr. Kim had failed to establish by a preponderance of the

22 evidence that the University's decision not to promote him to full professor was motivated–at

23 least in part– by Dr. Kim's race and/or national origin. Here, Plaintiff is challenging the

24 jury's verdict on the basis that its decision was contrary to the weight of the evidence

25 produced at trial.  Despite Plaintiff's arguments to the contrary, the Court is convinced that

26 the jury, based on the evidence that was presented to it at trial, reached a legally sufficient

27 result, and there is certainly nothing in the record to support a finding by this Court that the

28 jury's verdict was not based on substantial evidence. See Transgo, Inc. v. Ajac Transmission

1  Parts Corp., 768 F.2d 1001, 1014 (9th Cir. 1985) (If there is "sufficient evidence before the

2  jury on a particular issue, and if the jury instructions on the issue were correct, then the jury's

3  verdict must stand.").

4        While it is true that the evidence presented at trial may have permitted the jury to infer

5  that Dr. Kim deserved to be promoted, or that the University did not treat Dr. Kim with the

6  respect and deference owed to a scholar of his stature, or that the professional and personal

7  relationships between the faculty members in Arizona State University's School of Planning

8  were at best dysfunctional, none of these factors imply that Dr. Kim's lawsuit should have

9  succeeded or that the jury reached the wrong result.  Dr. Kim was required to prove the

10  existence of invidious discrimination that "infect[ed] the ultimate employment decision." See

11  Lam v. University of Hawai'i, 40 F.3d 1551, 1560 (9th Cir. 1994) (citation omitted). As the

12  jury instructions made clear, the jury could not find in favor of Dr. Kim simply because they

13  may have determined that the decision not to promote him to full professor was unfair or

14  wrong: "[y]ou should be mindful that the law under Title VII requires only that an employer

15  not discriminate against an employee because of the employee's race or national origin. . .

16  . You may not return a verdict for plaintiff just because you might disagree with the decision

17  not to promote Dr. Kim or believe it to be harsh or unreasonable." See Jury Instructions,

18  Business Judgment Instruction, (Dkt.#180).  All of the information that has been presented

19  to the Court suggests that the jury followed the law, drew reasonable inferences from the

20  evidence when appropriate, and reached a result that was supported by the weight of the

21  evidence.  As such, Dr. Kim's Motion for New Trial fails.

22  **II.**  **Motion for Attorney Fees**

23        In § 1983 actions, a district court has discretion to award a prevailing party reasonable

24  attorney's fees. See 42 U.S.C. § 1988.  "The mere fact that a defendant prevails does not

25  automatically  support an award of fees." Patton v. County of Kings, 857 F.2d 1379, 1381

26  (9th Cir. 1988). "A district court may in its discretion award attorney's fees to a prevailing

27  defendant in a Title VII case upon a finding that the plaintiff's action was frivolous,

28  unreasonable, or without foundation, even though not brought in subjective bad faith."

1    Christianburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978); see also Hughes v. Rowe,

2    449 U.S. 5, 14-16 (1980) (applying Christianburg standard to prevailing defendant in 42

3    U.S.C. § 1988); Hensley v. Eckerhart, 461 U.S. 424, 429 n.2 (1983).

4            Here, Defendant Dr. Mushkatel seeks attorney fees from Plaintiff Dr. Kim based only

5    on Plaintiff's prosecution of his equal protection claim. Dr. Mushkatel is not seeking an

6    award of attorney fees for any of Dr. Kim's other causes of action. Defendant's argument is

7    essentially that because the standards for liability under § 1983 were more stringent than for

8    Title VII, Dr. Kim should have should have known that he could not prevail on his § 1983

9    equal protection claim.

10           The Court is unmoved by Defendant's argument. Although actions brought under

11   Title VII and § 1983 provide for different types of damages—with Title VII damages

12   statutorily capped at $300,000, and   § 1983 not being subject to any statutory

13   maximums—the elements to establish a violation of either Title VII or § 1983 equal

14   protection are analytically quite similar. To prove a violation of Title VII, Dr. Kim was

15   required to prove that (1) he was not promoted; and (2) that race and/or national origin was

16   a "motivating factor" in the decision. Similarly, to prove a § 1983 equal protection violation,

17   Dr. Kim was required to prove that (1) Dr. Alvin Mushkatel intentionally discriminated

18   against him based on race or national origin; and (2) Dr. Alvin Mushkatel discriminatory

19   actions were a "motivating factor" in the decision not to promote Dr. Kim to full professor.

20   While the jury obviously found in favor of Defendants on both counts, it does not follow that

21   Dr. Kim's § 1983 claim was "frivolous, unreasonable, or without foundation, even though

22   not brought in subjective bad faith." Christianburg, 434 U.S. at 421.

23           In light of the procedural posture of this case, the Court cannot properly rule that Dr.

24   Kim's claim for a § 1983 equal protection violation by Dr. Mushkatel arises to Christianburg

25   standard, such that Dr. Mushkatel would be entitled to an award of attorney fees. As the

26   Parties will recall, the Court initially granted summary judgment in favor of Defendants,

27   including Dr. Mushkatel, on all claims, thereby dismissing the lawsuit in its entirety.  Dr.

28   Kim appealed that decision to the Ninth Circuit, which reversed and remanded the case for

1  trial.  Although there was an initial question as to whether the Ninth Circuit had remanded

2  the entire case for trial or only the Title VII issue, on April 16, 2009, this Court issued an

3  Order which determined that the entire case should proceed forward, including Dr. Kim's 42

4  U.S.C. § 1983 claim. Because this Court has previously determined that the scope of the

5  Ninth Circuit mandate included Dr. Kim's equal protection claim, the Court is not inclined

6  to now find that this claim was either frivolous, unreasonable, or prosecuted in bad faith. As

7  such, Dr. Mushkatel's request for attorney fees is denied.

8      **Accordingly,**

9      **IT IS HEREBY ORDERED** denying  Plaintiff Dr. Joochul Kim's Motion for New

10 Trial, (Dkt.#193).

11      **IT IS FURTHER ORDERED** denying Defendant Dr. Alvin Mushkatel's Motion for

12 Attorney Fees, (Dkt.#196).

13      DATED this 18th day of November, 2009.

Mary H. Murguia
United States District Judge

- 5 -